IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-5-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) <u>ORDER</u> |
| | ) |
| DELMAS C. GAUSE | ) |

This matter is before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE # 43.) The government filed a response in opposition to the motion. (DE # 45.)

In 2018, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine. The court sentenced him to 71 months imprisonment. In his motion, defendant requests "immediate home confinement" based on certain health issues which make him more susceptible to COVID-19. (DE # 43, at 1-2.) The government argues defendant's motion should be denied because he has not exhausted his administrative remedies, among other reasons. (Resp., DE # 43, at 1.)

The statute on which defendant relies permits the court, on motion of the defendant, to reduce the defendant's term of imprisonment based on extraordinary and compelling reasons.[1] 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons include the medical condition of the defendant and "other" reasons. <u>See</u> U.S.S.G. § 1B1.13 n.1(A), (D) (2018). Before filing such a motion with

---

[1] Section 3582(c)(1)(A) does not permit the court to order defendant's release to home confinement. That authority rests with the Bureau of Prisons ("BOP") under 18 U.S.C. § 3624(c)(2). <u>See</u> <u>United States v. Nash</u>, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) ("The [Coronavirus Aid, Relief and Economic Security ("CARES")] Act authorizes the BOP—not courts—to expand the use of home confinement.") (collecting cases); <u>United States v. Gray</u>, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (holding the CARES Act "does not authorize the court to order defendant's placement in home confinement").

the sentencing court, the defendant must submit a request to the warden of his facility for the BOP bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). After 30 days, if the defendant has not received a response to his request, he may then file a motion in the sentencing court. Id. If the BOP denies his request, the defendant must fully exhaust his administrative appeals before filing a motion. Id.

Here, defendant does not claim he has submitted a request for compassionate release to the warden at Federal Correctional Institution ("FCI") Edgefield, where he is incarcerated. Rather, he appears to contend that exhaustion should not be required. (See Mot., DE # 43, at 2 (citing cases where exhaustion deemed unnecessary).) Assuming without deciding § 3582(c)(1)(A)'s exhaustion requirement may be waived in certain circumstances, see Poulios v. United States, No. 2:09-CR-109, 2020 WL 1922775, at *3 (E.D. Va. Apr. 21, 2020) ("[T]the exhaustion requirement may be waived due to futility, inadequate relief, or undue prejudice."), it is not warranted here. Defendant allegedly has at least one underlying condition, diabetes,[2] which makes, or might make, him at an increased risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 25, 2020) (specifying persons with Type 2 diabetes *are* at an increased risk and persons with Type 1 diabetes *might be* at an increased risk). However, no inmates or staff at FCI Edgefield have tested positive for COVID-19. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (follow "COVID-19 Cases" hyperlink for "full breakdown and additional details" ) (last visited June 25, 2020). These circumstances do not justify setting

---

[2] In his motion, defendant does not specify what type of diabetes he has. His presentence report states that defendant "advised he is a diabetic; however, he is not on any medication." (DE # 34, ¶ 37.)

aside the exhaustion requirement. Cf. Poulios, 2020 WL 1922775, at *3 (waiving exhaustion where the defendant was 65 years old and suffering from chronic liver disease and severe cardiac issues).

Defendant's motion for compassionate release is DENIED WITHOUT PREJUDICE to him refiling once he has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

This 26 June 2020.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge